IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| BROTHERHOOD OF MAINTENANCE OF WAY EMPLOYES DIVISION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL GREEN and THE MONTANA DEPARTMENT OF LABOR & INDUSTRY, HUMAN RIGHTS BUREAU,<br><br>Defendant. | CV 11-35-BLG-RFC-CSO<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Brotherhood of Maintenance of Way Employes[1] Division of the International Brotherhood of Teamsters ("BMWED") filed this action against Paul Green ("Green") and the Montana Department of Labor & Industry, Human Rights Bureau ("HRB") seeking declaratory and injunctive relief with respect to a discrimination complaint Green

---

[1]BMWED's name is spelled with one "e."

-1-

filed with the HRB. *Court Doc. 1*. Currently pending are Defendants' Motions to Dismiss *(Court Docs. 5 & 8).*[2]

I.  **BACKGROUND**

BMWED is a union of maintenance way employees, and is a division of the Brotherhood of Teamsters. *Court Doc. 1 at ¶ 2.* BMWED is the bargaining representative for maintenance way employees who are employed by the Burlington Northern Sante Fe Railroad ("BNSF"). BNSF is an interstate rail freightway subject to the Railway Labor Act ("RLA"). *Court Doc. 1 at ¶ 6.* Paul Green is a member of the BMWED.

As part of its operation, BNSF employs "safety assistants." "The safety assistant is a position created by the union negotiated Collective Bargaining Agreement [("CBA")] ... ." *Court Doc. 1 at ¶ 7.* The "qualifications for employment as a safety assistant and the manner in which safety assistants are hired is set forth in the CBA." *Court Doc. 1 at ¶ 13.* Pursuant to the CBA, BNSF employees cannot bid on positions

---

[2]HRB filed a combined motion to dismiss and brief in support. This filing violates Local Rule 7.1(d)(1)(A), which states: "Briefs in support of a motion must be filed separately from the motion."

while they are on sick leave. *Court Doc. 1 at ¶ 9.* Defendant Green requested an interview for a safety assistant position that was up for bid, but he was denied an interview because he was on sick leave. *Court Doc. 1 at ¶¶ 10-11.*

Upon being denied an interview, Green filed a complaint with the HRB alleging violations of the Montana Human Rights Act ("MHRA"). *Court Doc. 1 at ¶ 12.* Specifically, Green alleges employment-based disability discrimination.

BMWED filed this action seeking a declaration that Green's claims are preempted by the RLA and an injunction enjoining Green and the HRB from proceeding with any administrative action regarding Green's claims. *Court Doc. 1 at 6-7, ¶¶ 1-2.*

## II. PARTIES' ARGUMENTS

### A. HRB's Arguments

The Montana HRB argues that this action should be dismissed for lack of subject matter jurisdiction, under Rule 12(b)(1).[3] In support of its motion, HRB contends that the Eleventh Amendment to the United

---

[3] All references are to the Federal Rules of Civil Procedure unless otherwise indicated.

States Constitution bars BMWED's claims against it, a state agency. HRB argues that this case cannot go forward against it because Montana has not waived its sovereign immunity nor has the United States Congress abrogated Montana's sovereign immunity – with respect to the allegations made here. *Court Doc. 5 at 2-4*.

HRB next argues that the MHRA provides an exclusive remedy for "the adjudication of complaints of discrimination... ." *Court Doc. 5 at 4*. Accordingly, HRB contends that the Human Rights Bureau is the appropriate forum for adjudication of Green's discrimination claim. *Court Doc. 5 at 4-5*.

### B. Green's Arguments

Green moves to dismiss BMWED's Complaint "for lack of jurisdiction over the subject matter." *Court Doc. 8 at 1*.

In support of his motion, Green first argues that the MHRA provides his exclusive remedy and the DLI's Hearings Bureau is the proper forum for adjudicating his claims of discrimination. *Court Doc. 9 at 2-4*. Next, Green argues that the Eleventh Amendment bars this action due to Montana's sovereign immunity. *Court Doc. 9 at 4*.

### C. BMWED's Arguments

In response to HRB and Green's motions, BMWED first argues that this Court has jurisdiction because it is seeking to enjoin enforcement of an order on the basis of preemption. *Court Doc. 11 at 7*. Next, it argues that the RLA preempts Montana law with respect to Green's claims – and thus this Court has jurisdiction in this matter. *Court Doc. 11 at 9-11*. BMWED further argues that the MHRA does not provide Green's exclusive remedy because the MHRA is preempted by the RLA. Accordingly, BMWED contends that the RLA's mandatory arbitration scheme is the only forum available to adjudicate Green's claims. *Court Doc. 11 at 13-20*.

Additionally, BMWED acknowledges in its response that the Eleventh Amendment bars suits against a state or state agency. *Court Doc. 11 at 11-12*. But BMWED contends that there is an exception to the bar with respect to suits for prospective injunctive relief. *Court Doc. 12*.

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. They possess

only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  The burden of establishing jurisdiction rests upon the party asserting it.  *Rattlesnake Coal v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

"Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure."  *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Kingman Reff Atol Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008)).  The Court does not presume that a plaintiff's factual allegations are true, but instead weighs the evidence to find the facts, so long as this factfinding does not involve the merits of the dispute.  *See Robinson*, 586 F.3d at 685.

## IV. DISCUSSION

### A. HRB's Motion to Dismiss

"The Eleventh Amendment precludes suits 'in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'"  *In re*

*Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (quoting *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); U.S. Const., Amend. XI). For more than a century, however, the Supreme Court has recognized that the states' sovereign immunity is not limited to the literal terms of the Eleventh Amendment – it has been "repeatedly held that an unconsenting State also is immune from suits by its own citizens." *Tenn. Student Assistance Corp.*, 541 U.S. at 446. "Thus, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Pegasus*, 394 F.3d at 1195.

Here, BMWED has named the HRB as a defendant. It has long been held that an agency of state government is a part of the state for purposes of the Eleventh Amendment. *See, e.g., Florida Dept. of Health & Rehabilitative Servs.*, 450 U.S. 147, 150 (1981) (*see also* Erwin Chemerinsky, *Constitutional Law: Principles and Policies* § 2.10.3, 197-98 (3d ed., Aspen Publishers 2006). BMWED points to no waiver of the state's sovereign immunity. Consequently, the Court concludes that this state agency is immune from suit under the Eleventh Amendment.

BMWED does point to *Ex parte Young*, 209 U.S. 123 (1908), as providing an exception to Eleventh Amendment immunity in cases where a plaintiff is seeking only prospective injunctive relief. The narrow exception to Eleventh Amendment immunity contained in *Ex parte Young*, however, applies only to suits against state officers.[4] *See id.* at 159-60. Here, BMWED has named a state agency. Accordingly, the Court finds BMWED's arguments unpersuasive, and concludes BMWED's claims against HRB should be dismissed.

B.  **Green's Motion to Dismiss**

Green moves to dismiss the Complaint for lack of subject matter jurisdiction. This motion should be denied because the Court clearly has subject matter jurisdiction of the claims against Green under 28 U.S.C. § 1331. Federal questions are raised by the Complaint. *See Court Doc. 1 at 2-3.*

---

[4]BMWED seemingly acknowledges that sovereign immunity protects HRB from suit and the Ex parte Young exception applies only to state agency officials, stating that "to the extent that BMWED is required to name individuals associated with the Montana Department of Labor & Industry, Human Rights Bureau, in order to move forward with their requested prospective injunctive relief, BMWED will do so." Court Doc. 11 at 12. BMWED has not, however, filed a motion for leave to file an amended complaint or join additional parties.

The more difficult question is whether this Court should abstain under *Younger v. Harris*, 401 U.S. 37, 43 (1971). *See also Woodfeathers, Inc. v. Washington County, Or.,* 180 F.3d 1017 (9th Cir. 1999)*; Westvaco Corp. Envelope Division v. Campbell*, 842 F.Supp. 1472 (D. Mass. 1994). But Green did not file a motion for abstention and did not raise the abstention issue until his reply brief. *See Court Doc. 17 at 4.* BMWED has not had an opportunity to be heard on this issue.

## V. CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that HRB's motion to dismiss *(Court Doc. 5)* be GRANTED and that Green's motion to dismiss *(Court Doc. 8)* be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 29th day of August, 2011.

                                              /s/ Carolyn S. Ostby
                                              United States Magistrate Judge